STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
JAMIE A. RADACK (SBN 221000)
jradack@hayesscott.com
HAYES SCOTT BONINO
ELLINGSON & GUSLANI LLP
333 Twin Dolphin Drive, Suite 230
Redwood City, California 94065
Telephone: 650.637.9100

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY
(erroneously sued as State Farm Fire and Casualty Company)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLORIA SPALINGER, an individual,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a North Carolina Corporation, and DOES 1 through 10,

Defendants.

CASE NO. 5:22-cv-04193-EJD

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S SEPARATE STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOVING SEPARATE STATEMENT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Defendant, State Farm General Insurance Company (erroneously sued as State Farm Fire and Casualty Company) (hereinafter "Defendant") hereby submits their Reply to Plaintiff Gloria Spalinger's Separate Statement in Opposition to Plaintiff's Motion for Summary Judgment and its Moving Separate Statement in Support of its Cross-Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment.

## I.
## STATE FARM'S RESPONSIVE SEPARATE STATEMENT

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| **Claim 1: An Order Declaring State Farm Owes a Coverage Obligation for the Loss is** | Fact 1. Plaintiff owns a home located on the NE Corner of 10th and Junipero, Carmel-by-the-Sea, California 93921, | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| **Appropriate Because the Policy's Power Interruption Coverage is Triggered** | located in Monterey County, California (the "Property"), but does not principally reside at the Property.<br><br>Joint Stipulation of Fact and Documents Entered into Between the Parties for Purposes of Summary Judgment ["Stip"] ¶ 1. | |
| | Fact 2. In October of 2020, Chris Dinner Heating, Inc. ("Chris Dinner") was hired by Plaintiff to replace the furnace and thermostat at the Property.<br><br>(Stip. ¶ 4, Exhibit D thereto.) | Undisputed. |
| | Fact 3. Plaintiff's daughter Brandi Weems visited the Property in or about June 2021, and set the thermostat to 62 degrees upon leaving.<br><br>(Stip. ¶ 11.) | Undisputed. |
| | Fact 4. Thereafter, no one visited the Property until Ms. Weems returned on September 12, 2021. When she arrived, she felt a gust of hot air when she opened the front door, and found that the Property had suffered morphing and distortion of features, floors, walls, and piping.<br><br>(Stip. ¶ 5.) | Undisputed. |
| | Fact 5. Chris Dinner opined that because the batteries in the thermostat had run out, the furnace could not shut off. | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | (Stip Exhibit G.) | |
| | Fact 6. Plaintiff hired consultant Allana Buick & Bers to investigate the cause of the excessive heat output, and they determined that the batteries within the thermostat had lost all power resulting in the loss of power to the thermostat itself, rendering it non-operable. During the time in which the thermostat was without battery power, it was unable to communicate with the furnace, resulting in the furnace providing excessive heat to the property (the "Incident").<br><br>(Stip. ¶ 7.) | Undisputed. |
| | Fact 7. Plaintiff asserts that the Property suffered physical damage as a result of the Incident's excessive heat output over the prolonged period, including the morphing and distortion of features, floors, walls, and piping, in certain locations in the property.<br><br>(Stip. ¶ 8.) | Undisputed. |
| | Fact 8. Plaintiff asserts that the cost to repair or replace those portions of the Property which suffered direct damages from the Incident exceeds $275,000.<br><br>(Stip. ¶ 9.) | Undisputed. |
| | Fact 9. On September 13, 2021, the thermostat was replaced again by the Chris Dinner team. | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | (Stip. ¶ 6, Exhibit E thereto.) | |
| | Fact 10. On September 14, 2021, Plaintiff made a property claim for the Loss to her homeowners insurance policy carrier State Farm.<br><br>(Stip. ¶ 10.) | Undisputed. |
| | Fact 11. The Policy at issue is State Farm Homeowners Policy No. 05-B8-Y896-5 issued to Plaintiff effective November 4, 2020 through November 4, 2021 (the "Policy"). The Policy provides coverage, in relevant part, as follows:<br><br>**SECTION I - LOSSES INSURED**<br><br>**COVERAGE A - DWELLING**<br><br>We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.<br><br>**SECTION I - LOSSES NOT INSURED**<br><br>1. We do not insure under any coverage for any loss consisting of the items in paragraphs 2., 3., 4. or 5. below. This exclusion does not apply if the loss is caused by a peril which is not otherwise excluded.<br><br>2. We do not insure for any loss to the property described in Coverage A which is caused by one or more of the items below, | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:<br><br>g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;<br><br>***<br><br>l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;<br><br>However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.<br><br>(Stip. ¶ 2, Exhibit A thereto.) | |
| | Fact 12. The State Farm Policy also contains a Section entitled ADDITIONAL COVERAGES a **Power Interruption** provision as set forth below:<br><br>ADDITIONAL COVERAGES a **Power Interruption** provision as set forth below:<br><br>**Power Interruption**. We cover accidental direct physical loss caused directly or indirectly by a change of temperature which results from power interruption that takes place on the Property | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | premises. The power interruption must be caused by a Loss Insured occurring on the Property premises. The power lines off the **Property premises** must remain energized. This coverage does not increase the limit applying to the damaged property. (Policy §I – Additional Coverages, ¶ 7 (emphasis in original).)<br><br>(Stip. ¶ 3, Exhibit A thereto.) | |
| | Fact 13. On October 8, 2021, State Farm denied coverage for the damages from the Incident. State Farm stated, in relevant part:<br><br>*You indicated that no one had been at the property between late June and September, 2021, and this loss was discovered in mid-September. Based upon the report from Chris Dinner Heating, it was determined that the batteries in the thermostat died, and the furnace could not shut off. It appeared the furnace ran until the safety limit switch in the furnace shut down. After the unit cooled down, the limit switch would reset itself, and the unit would come on again. The cycle would start again and continue to repeat. The inside of the dwelling heated up and over time resulted in cracking, shrinking expansion and bulging of walls, floors.*<br><br>***The predominant cause of*** | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | ***loss is mechanical breakdown of the thermostat. Your Homeowners Policy, Form FP-7955 CA, as modified by Endorsement FE-3422, specifically excludes coverage for this type of damage****. (Emphasis added.)*<br><br>(Stip. ¶ 13, Exhibit B thereto.) | |
| | Fact 14. On March 9, 2022, Plaintiff's attorney at that time sent a letter to State Farm requesting State Farm reconsider its coverage decision and pay the loss, arguing that its consultant from Allana Buick & Bers' finding that no mechanical breakdown occurred, contesting State Farm's reliance on the exclusions at Section II Paragraph 2(h) of the Policy for cracking, settling, etc. for the position that the Policy "specifically excludes coverage for this type of damage," and arguing that while the Policy excludes damage *caused by* cracking, settling, etc., it does indeed provide coverage where cracking, settling, etc. occur as a *consequence* of some other non-excluded cause of loss, and arguing urged State Farm to find coverage for the loss under the Policy's Power Interruption coverage and/or as an Ensuing Loss coverage.<br><br>(Stip. ¶ 16, Exhibit C thereto.) | Undisputed.<br><br>However, the letter further explained that Della Mora concluded that the furnace "had a bad high temperature limit switch, not tripping at the setting temperature of 170 degrees, tripping at 215 degrees."<br><br>(Stip. ¶ 16, Exhibit C thereto.) |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | Fact 15. State Farm has maintained its declination at all times.<br>(Stip. ¶ 17.) | |
| | Fact 16. Plaintiff filed suit on July 19, 2022.<br>(Stip. ¶ 18.) | Undisputed. |
| **Claim 2: An Order Declaring State Farm Owes a Coverage Obligation for the Loss is Appropriate Because Exclusion (g) Does Not apply.** | See Facts 1-16 above. | Facts 1-16 are undisputed. |
| **Claim 3: An Order Declaring State Farm Owes a Coverage Obligation for the Loss is Appropriate Because Exclusion (l) Does Not apply.** | See Facts 1-16 above. | Facts 1-16 are undisputed. |

## II.
## STATE FARM'S RESPONSIVE SEPARATE STATEMENT

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| **Defense 1: State Farm is entitled to summary judgment as to the entire Complaint on the grounds that plaintiff's claim for policy benefits is not covered under her State Farm homeowner's insurance policy.** | Fact 1. Plaintiff owns a home located on the NE Corner of 10th and Junipero, Carmel-by-the-Sea, California 93921, located in Monterey County, California (the "Property"), but does not principally reside at the Property.<br>Joint Stipulation of Fact and Documents Entered into Between the Parties for Purposes | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | of Summary Judgment ["Stip"] ¶ 1. | |
| | Fact 2. In October of 2020, Chris Dinner Heating, Inc. ("Chris Dinner") was hired by Plaintiff to replace the furnace and thermostat at the Property.<br><br>(Stip. ¶ 4, Exhibit D thereto.) | |
| | Fact 3. Plaintiff's daughter Brandi Weems visited the Property in or about June 2021, and set the thermostat to 62 degrees upon leaving.<br><br>(Stip. ¶ 11.) | |
| | Fact 4. Thereafter, no one visited the Property until Ms. Weems returned on September 12, 2021. When she arrived, she felt a gust of hot air when she opened the front door, and found that the Property had suffered morphing and distortion of features, floors, walls, and piping.<br><br>(Stip. ¶ 5.) | |
| | Fact 5. Chris Dinner opined that because the batteries in the thermostat had run out, the furnace could not shut off.<br><br>(Stip Exhibit G.) | |
| | Fact 6. Plaintiff hired consultant Allana Buick & Bers to investigate the cause of the excessive heat output, and they determined that the batteries | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | within the thermostat had lost all power resulting in the loss of power to the thermostat itself, rendering it non-operable. During the time in which the thermostat was without battery power, it was unable to communicate with the furnace, resulting in the furnace providing excessive heat to the property (the "Incident").<br><br>(Stip. ¶ 7.) | |
| | Fact 7. Plaintiff asserts that the Property suffered physical damage as a result of the Incident's excessive heat output over the prolonged period, including the morphing and distortion of features, floors, walls, and piping, in certain locations in the property.<br><br>(Stip. ¶ 8.) | |
| | Fact 8. Plaintiff asserts that the cost to repair or replace those portions of the Property which suffered direct damages from the Incident exceeds $275,000.<br><br>(Stip. ¶ 9.) | |
| | Fact 9. On September 13, 2021, the thermostat was replaced again by the Chris Dinner team.<br><br>(Stip. ¶ 6, Exhibit E thereto.) | |
| | Fact 10. On September 14, 2021, Plaintiff made a property claim for the Loss to her homeowners insurance policy carrier State Farm. | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | (Stip. ¶ 10.) | |
| | Fact 11. The Policy at issue is State Farm Homeowners Policy No. 05-B8-Y896-5 issued to Plaintiff effective November 4, 2020 through November 4, 2021 (the "Policy"). The Policy provides coverage, in relevant part, as follows:<br><br>**SECTION I - LOSSES INSURED**<br><br>**COVERAGE A - DWELLING**<br><br>We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.<br><br>**SECTION I - LOSSES NOT INSURED**<br><br>1. We do not insure under any coverage for any loss consisting of the items in paragraphs 2., 3., 4. or 5. below. This exclusion does not apply if the loss is caused by a peril which is not otherwise excluded.<br><br>2. We do not insure for any loss to the property described in Coverage A which is caused by one or more of the items below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
| --- | --- | --- |
| | g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;<br><br>***<br><br>l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;<br><br>However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.<br><br>***<br><br>5. We do not insure for loss described in paragraphs 2., 3. and 4. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:<br><br>a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;<br><br>b. defect, weakness, inadequacy, fault or unsoundness in:<br><br>(1) planning, zoning, development, surveying, siting;<br><br>(2) design, specifications, workmanship, construction, grading, compaction; | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | (3) materials used in construction or repair; or<br><br>(4) maintenance;<br><br>of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; (MSS Fact 11.)<br><br>(Stip. ¶ 2, Exhibit A thereto.) | |
| | Fact 12. The State Farm Policy also contains a Section entitled ADDITIONAL COVERAGES a **Power Interruption** provision as set forth below:<br><br>ADDITIONAL COVERAGES a **Power Interruption** provision as set forth below:<br><br>**Power Interruption**. We cover accidental direct physical loss caused directly or indirectly by a change of temperature which results from power interruption that takes place on the Property premises. The power interruption must be caused by a Loss Insured occurring on the Property premises. The power lines off the **Property premises** must remain energized. This coverage does not increase the limit applying to the damaged property. (Policy §I – Additional Coverages, ¶ 7 (emphasis in original).)<br><br>(Stip. ¶ 3, Exhibit A thereto.) | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | Fact 13. On October 8, 2021, State Farm denied coverage for the damages from the Incident. State Farm stated, in relevant part:<br><br>*You indicated that no one had been at the property between late June and September, 2021, and this loss was discovered in mid-September. Based upon the report from Chris Dinner Heating, it was determined that the batteries in the thermostat died, and the furnace could not shut off. It appeared the furnace ran until the safety limit switch in the furnace shut down. After the unit cooled down, the limit switch would reset itself, and the unit would come on again. The cycle would start again and continue to repeat. The inside of the dwelling heated up and over time resulted in cracking, shrinking expansion and bulging of walls, floors.*<br><br>***The predominant cause of loss is mechanical breakdown of the thermostat. Your Homeowners Policy, Form FP-7955 CA, as modified by Endorsement FE-3422, specifically excludes coverage for this type of damage**. (Emphasis added.)*<br><br>(Stip. ¶ 13, Exhibit B thereto.) | |
| | Fact 14. On March 9, 2022, Plaintiff's attorney at that time sent a letter to State Farm | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| | requesting State Farm reconsider its coverage decision and pay the loss, explaining that its consultant from Allana Buick & Bers concluded that the furnace "had a bad high temperature limit switch, not tripping at the setting temperature of 170 degrees, tripping at 215 degrees."<br><br>(Stip. ¶ 16, Exhibit C thereto.) | |
| | Fact 15. State Farm has maintained its declination at all times.<br>(Stip. ¶ 17.) | |
| | Fact 16. Plaintiff filed suit on July 19, 2022.<br>(Stip. ¶ 18.) | |
| **Defense 2: State Farm is entitled to partial summary judgment of plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing and fourth cause of action for violation of Business and Professions Code § 17200 ("UCL") on the grounds that even if policy benefits are owed, the undisputed facts establish that State Farm handled plaintiff's claim reasonably as a matter of law.** | See Facts 1-16 above. | |
| **Defense 3: State Farm is entitled to partial summary judgment of plaintiff's fourth cause of** | See Facts 1-16 above. | |

| Claim or Defense | Moving Party's Undisputed Fact/Supporting Evidence | Opposing Party's Response/ Supporting Evidence |
|---|---|---|
| **action for violation of Business and Professions Code § 17200 on the separate and independent grounds that it is an equitable claim and she has an adequate remedy at law.** | | |
| **Defense 4: State Farm is entitled to summary adjudication of plaintiff's fourth cause of action for violation of Business and Professions Code section 17200 et seq. on the grounds that the undisputed facts establish that State Farm's actions were not unfair, unlawful, or fraudulent.** | See Facts 1-16 above. | |
| **Defense 5: State Farm is entitled to summary adjudication of plaintiffs' claim for punitive damages on the grounds that the undisputed facts establish there is no clear and convincing evidence that State Farm acted with malice, fraud, or oppression in handling plaintiff's claim.** | See Facts 1-16 above. | |

*I attest that the evidence cited herein fairly and accurately supports or disputes the facts asserted.*

///

///

///

Dated: June 22, 2023

HAYES SCOTT BONINO
ELLINGSON & GUSLANI LLP

By: */S/ Stephen P. Ellingson*
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Defendants
STATE FARM GENERAL INSURANCE COMPANY