Brandt L. Wolkin, Esq. (SBN 112220)
bwolkin@wolkincurran.com
Catharine M. Tolson, Esq. (SBN 271223)
ctolson@wolkincurran.com
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California 94108
Telephone: (415) 982-9390
Facsimile: (415) 982-4328

Attorneys for Plaintiff
GLORIA SPALINGER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GLORIA SPALINGER, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a North Carolina Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 5:22-cv-04193-EJD<br><br>**PLAINTIFF GLORIA SPALINGER'S OPPOSITION TO STATE FARM'S MOTION FOR SUMMARY JUDGMENT (OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ); AND REPLY TO STATE FARM'S OPPOSITION**<br><br>Hearing Date: October 5, 2023<br>Hearing Time: 09.00 a.m.<br>Location: Courtroom 4, 5th Floor<br>280 South 1st Street,<br>San Jose, CA 95113 |

## I. INTRODUCTION

State Farm continues to double down on its effort to apply circular logic and linguistic gymnastics to deprive its insured, Gloria Spalinger, of the coverage she purchased.

Despite State Farm's valiant effort to confuse the issues, it remains the case that there is coverage for the loss under the Power Interruption Provision in the State Farm Policy, with no exclusions applicable. The loss was not caused by a "mechanical breakdown"; a battery running out of power is not a mechanical breakdown.

///

///

There are no disputed evidentiary facts preventing this Court ruling in Gloria Spalinger's favor that the loss is covered under the State Farm policy and Ms. Spalinger requests the Court to so rule.

## II. LEGAL AUTHORITIES

### A. The Natural Expiration of a Battery is Not a "Mechanical Breakdown" and State Farm Fails to Meet its Burden Otherwise

State Farm's Motion asks this Court to take liberties with plain English and back its argument that the expiration of a battery is a "mechanical breakdown." In support of this argument, State Farm relies solely on *William C. McCaughey, et al. v. Ohio Sec. Ins. Co., et al.,* 2021 WL 2548689, at *2 (C.D. Cal. Apr. 2, 2021) by extracting self-serving quotes and applying a wholly distinguishable holding to the facts of this matter.

In *McCaughney,* a carrier attempted to apply a mechanical breakdown exclusion where the cause of a water loss was determined to be a "malfunctioning of the toilet's fill valve concurrent with a slow flow condition from the tank overflow, which was not able to keep up with the inflow of water from the stuck on fill valve, resulting in overflow of water from the tank." *Id.* at *3. Opposite to the facts here, the insureds in *McCaughey* wanted to establish a mechanical breakdown because, in their policy, the Equipment Breakdown Enhancement Endorsement modified the Causes of Loss – Special Form, stating that if a "mechanical breakdown results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss." *Id.* at * 6. Plaintiffs therefore argued that the losses were caused by a mechanical breakdown and coverage should apply. *Id.* The insurance carrier, on the other hand, disputed there was a "mechanical breakdown" and argued there is a difference between a "malfunction" as was the diagnosis of the valve, and a "breakdown." *Id.* The Court found this to be a self-serving and conveniently restrictive definition, and rejected it. *Id.*

Unlike *McCaughney,* a dead battery is neither a "malfunction" nor a "breakdown." It is not akin to a malfunction of a toilet valve, and it is not a breakdown of a mechanical element. It is the anticipated natural conclusion at the end of a battery's life span. As the

Court emphasizes in *McCaughney,* courts must interpret "the 'clear and explicit' meaning of contractual provisions in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage." *Id.,* citing *AIU Ins. Co. v. Superior Ct.,* 51 Cal. 3d 807, 822 (1990). And, most importantly, "where there is ambiguity as to the meaning, '[i]n the insurance context, [courts] generally resolve ambiguities in favor of the insured." *Id.*

State Farm next tries to distinguish *Nat'l Invs. Fire & Cas. Co. v. Preddy*, 248 Ark. 320, 322 (1970), which held that the term mechanical breakdown references "a failure in the working mechanism of the machinery—a functional defect in the moving parts of the equipment which causes the latter to cease functioning or to function improperly." *Id.* State Farm argues that the thermostat got "stuck" in the off position, and therefore there was a failure in the working mechanism. The expiration of a battery rendering something inoperable is not getting "stuck." Using the term "stuck in the off position" to describe an expired battery is nonsensical.

State Farm lastly argues that even if the battery expiration is not a "mechanical breakdown," the failure of the furnace to shut down thereafter because of a faulty switch is a mechanical breakdown, and therefore coverage is precluded. This argument is contrary to established law, which states "where there is a concurrence of different causes, the efficient cause - the one that sets others in motion - is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." *Sabella v. Wisler,* 59 Cal.2d 21, 31-32 (1963). Accordingly, it is only the first domino in the domino effect that is evaluated for the cause of a loss. Here, that domino is the battery expiring.

At best, the term "mechanical breakdown," is ambiguous and ought to be strictly construed against the drafting insurer. *Bay Cities Paving & Grading, Inc. v. Lawyers Mutual Ins. Co.*, 5 Cal.4th 854, 867 (1993); and *Cooper Companies v. Transcontinental Ins. Co.* 31 Cal. App.4th 1094, 1106 (1995) (holding that ambiguous provision will be construed against the insurer if such an interpretation is necessary to preserve and is consistent with the

insured's objectively reasonable expectations). Ms. Spalinger submits that State Farm's interpretation of a "mechanical breakdown" is against not only her expectation, but the expectation of any reasonable consumer in her situation.

**B. State Farm's "Cracking, Shrinking" Argument is Another Attempt to Misconstrue Policy Language and Circumvent Insurance Code 530 Obligations to Its Insured.**

State Farm also relies on the Policy's exclusion for "cracking, shrinking, etc." refusing to acknowledge that the exclusion's exception restores coverage for "resulting loss" from cracking, shrinking, bulging or expansion. (MSS Fact 12). This analysis is simple, despite State Farm's best efforts to complicate it. If the Court finds this loss was caused by a covered peril, this exclusion does not apply.

The exclusion provides:

> "We do not insure for any loss to the property described in Coverage A which is caused by one or more of the items below…
>
> ***
>
> > l. settling, cracking, shrinking, bulging, or expansion of the pavements, patios, foundation, walls, floors, roofs or ceilings;
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section." (MSS Fact 12.)

Here, the Loss was not *caused by* settling, cracking, shrinking, bulging, etc., but rather the loss *is* settling, cracking, shrinking, bulging, etc., and therefore is a consequence and not a cause of the Loss.

State Farm argues that the ensuing loss provision does not apply because there is no covered cause of loss. (Motion 11: 17-20.) State Farm admits, and thus the parties agree, that the ensuing loss provision will apply if the Court finds the loss to have resulted from a covered event. *Id.* Here, the cause of the loss was the battery in the thermostat expiring—the cause that set all others in motion. Additionally, and separately, this is a Covered Loss pursuant to the Power Interruption endorsement. A finding of coverage under either portion of the policy then renders the settling, cracking, shrinking, etc., exclusion inapplicable.

///

Tellingly, State Farm tried and failed to make a similar argument to the Court in *Howell v. State Farm*, 218 Cal.App.3d 1446 (1990). In *Howell,* State Farm tried and failed to convince the Court that the exclusion in its policy for damage which would not have occurred "but for" earth movement precluded recovery for the landslide that occurred as a result of a fire that destroyed vegetation such that rainwater soaked the soil and destabilized it. *Id.* As here, State Farm focused on the *effect* of the loss (the landslide) to preclude coverage under an exclusion, rather than the *cause* of the loss that set everything in motion (the fire). The Court rejected this argument as contrary to Insurance Code section 530, which provides that an insurer "*is liable* for a loss proximately caused by a covered peril regardless of the exclusionary language used in the policy." *Id.*

The Court held that exclusion are "not enforceable to the extent they purport to limit the insurer's liability beyond what is permitted by California law," namely Insurance Code 530. *Id.* at 1453-1454. Insurance Code 530 states:

> "An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause." (Ins. Code, § 530.)

The Court cited *Sabella, supra,* for the general rule that where a Court is analyzing whether a loss is within an exception in a policy, it is the efficient cause—the one that sets the others in motion—that is the subject of analysis despite there being a concurrence of different causes. *Sabella, supra,* 59 Cal.2d 21, 31-32 (1963). The *Howell* Court ultimately held that "Insurance Code section 530, as interpreted by *Sabella* and its progeny, requires a property insurer to provide coverage whenever an insured peril is the "efficient proximate cause" of the loss." *Id.* at 1456.

In our facts, the efficient cause, the one that set all others in motion, was the battery in the thermostat reaching the end of its useful life. Under this All-Risk policy, the loss is covered if it does not fall under the mechanical breakdown exclusion or any other. Separately, the Power Interruption coverage provides coverage for the loss. Accordingly, if the Court finds coverage for the battery expiration under either theory, the resulting loss

(cracking, shrinking damage) is covered, and State Farm has an obligation to provide coverage to its insured.

### C. State Farm's Continued Disregard for the Plain Terms of the Power Interruption Provision is Stunning

State Farm attempts a roundabout argument to confuse an otherwise very straightforward grant of coverage under the Policy's Power Interruption Provision. The ADDITIONAL COVERAGES – Power Interruption provision separately and specifically provides coverage for "physical loss caused directly or indirectly by a change of temperature which results from power interruption that takes place on the residence premises." (Policy §I – Additional Coverages, ¶ 7.) This provision could not be more clear or on point to these circumstances. Power to the thermostat was interrupted, which caused a change in temperature, which resulted in accidental direct physical loss to the residence. Accordingly, we have a covered loss.

To defeat coverage, State Farm again hangs its hat on the "cracking and shrinking" exclusion, but fails to recognize the ensuing loss provision to that exclusion restores coverage in this instance. For all of the same reasons as discussed at length above, the cracking, shrinking exclusion cannot apply where, as here, the cause of the loss is a covered event. An ensuing loss provision such as we have here "applies where the original peril [thermostat battery expiration] triggers a subsequent peril [temperature change] that causes a loss or injury [property damage] *separate and independent* from the original peril." *Acme Galvanizing Co., Inc. v. Fireman's Fund Ins. Co.,* 221 CA3d 170, 179-180 (1990). Unless this subsequent peril (temperature change) is also excluded under the policy, there is coverage for the ensuing loss. *Id.* Here, change in temperature resulting from power interruption is a specifically covered peril under the Policy, and coverage must be provided. Any attempt to read this plain language otherwise borders on absurdity. If State Farm's circular argument were to stand, it would render Power Interruption coverage meaningless and illusory.

///

**D. State Farm's New Argument that Coverage is Excluded Under the Workmanship Exclusions Fails to Cite Any Evidence Whatsoever**

State Farm's Motion argues for the first time that the faulty workmanship and repair exclusion applies to preclude coverage, reasoning that either Dinner's workmanship was defective *or* the heating system was defective *or* Plaintiff's maintenance was defective. State Farm offers no evidence to support any of these theories.

State Farm has the burden of proof to enforce an exclusion to preclude coverage. *Strubble v. United Services Auto. Ass'n,* 35 Cal.App.3d 498 (1973) (under an "all risk" policy, burden is on the insurer to prove the absence of coverage). Here, State Farm fails to supply any evidence whatsoever of faulty workmanship, a defective heating system, or lack of proper maintenance. This is a completely unsubstantiated legal conclusion, and the procedural equivalent of throwing everything against the wall to see what sticks. Without any evidence to support the argument or even try to meet its burden of proof to establish the exclusion applies, this argument fails.

**E. State Farm's Continued Effort to Shirk Coverage is in Bad Faith**

In a proactive attempt to protect itself from the consequences of its actions, State Farm tellingly argues that if it is determined to have mistakenly denied coverage, it should not be liable for bad faith because there was a genuine dispute as to coverage. Not all coverage disputes are genuine or reasonable, and this one certainly is not.

"A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.,* 90 Cal.App.4th 335, 348-349 (2001). "An insurer cannot claim the benefit of the genuine dispute doctrine, so as to obtain summary adjudication of a bad-faith cause of action, based on an investigation or evaluation of the insured's claim that is not full, fair and thorough." *Bosetti v. United States Life Ins. Co. in City of New York*, 175 Cal.App.4th 1208 (2009).

California law is clear that "an insurer is entitled to summary judgment based on a genuine dispute *only* where the summary judgment record demonstrates the absence of

triable issues ... as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith." *Wilson v. 21st Century Ins. Co.*, 42 Cal.4th 713, 724 (2007) [emphasis added.] To that end, "a dispute is not 'legitimate' unless it is founded on a basis that is reasonable under all the circumstances." *Id.* at 724, fn. 7.

Accordingly, an investigation "that is unjustifiably superficial or perfunctory or that looks only in one self-serving direction for evidence about the source, nature, or extent of the claimed losses" will expose an insurance carrier to bad faith damages. *Bernstein v. Travelers Inc. Co.,* 447 F. Supp.2d 1100 (N.D. Cal. 2006). "[W]hen benefits are due an insured, 'delayed payment based on inadequate or tardy investigations, oppressive conduct … and numerous other tactics may breach the implied covenant because' they frustrate the insured's right to receive the benefits of the contract in 'prompt compensation for losses." *Waller v. Truck Ins. Exchange,* 11 Cal. 4th 1 (1995), at p. 36.

Since the claim's inception, State Farm has been hyperfocused "in one self-serving direction" to deny coverage. Originally, State Farm was relentless in its insistence that a battery reaching the end of its useful life is a mechanical breakdown. After a year of litigation and heavy costs incurred by its insured to disprove that theory, State Farm likely realized the absurdity of its original position, and decided to add two more theories on which to preclude coverage in its Motion—the "cracking, shrinking" argument, and the workmanship argument—both of which are invalid for the legal and factual reasons above. It cannot prevail on summary judgment for bad faith because there is most certainly a triable issue as to whether State Farm's position was reasonable.

Additionally, as both Gloria Spalinger and State Farm have advised this Court during Status Conferences, the parties entered into a Stipulation agreeing to certain undisputed facts and authenticating documents so as to avoid the cost of deposition discovery pending this Court's determination of the legal coverage issues presented to it. See page 3, lines 19-20 of the parties' June 2, 2023 Joint Trial Setting Conference Statement, attached as Exhibit A to Gloria Spalinger's Request For Judicial Notice In Support Of Opposition To State Farm's Motion For Summary Judgment (Or In The Alternative, Partial Summary Judgment ); And

Reply To State Farm's Opposition, filed concomitantly herewith. Assuming the Court rejects State Farm's arguments, Gloria Spalinger will notice the deposition of State Farm's claim handler and work through her claim file and decision-making. Accordingly, to grant State Farm the relief it seeks as to the bad faith cause of action would be premature.

## III. CONCLUSION

State Farm's unwavering attempts to cheat Ms. Spalinger out of coverage for this loss cannot stand, and Ms. Spalinger implores the Court to enter partial summary judgment on her first cause of action for declaratory relief that State Farm owes coverage for the Loss because (1) the Policy's Power Interruption coverage applies to grant coverage for the Loss, and (2) the exclusions relied upon by State Farm do not apply.

Dated: July 24, 2023

WOLKIN • CURRAN, LLP

*/s/ Brandt L. Wolkin*

By: ______________________________

Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.
Attorneys for plaintiff
GLORIA SPALINGER