STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
JAMIE A. RADACK (SBN 221000)
jradack@hayesscott.com
HAYES SCOTT BONINO
ELLINGSON & GUSLANI LLP
333 Twin Dolphin Drive, Suite 230
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY (erroneously sued as State Farm Fire and Casualty Company)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA SPALINGER, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a North Carolina Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 5:22-cv-04193-EJD<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 5, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Ctrm: 4, 5th Floor |

///

///

///

///

///

///

///

///

## I.
## INTRODUCTION

Plaintiff's opposition fails to refute that State Farm is entitled to summary judgment because her claim was excluded under the clear terms of the Policy. Plaintiff's opposition likewise fails to refute that even if her claim was not excluded, State Farm reasonably handled her claim and is therefore entitled to partial summary judgment of her bad faith and related tort claims.

Specifically, State Farm's prompt and reasonable investigation of the claim revealed the loss resulted from a mechanical breakdown of the thermostat followed by failure of the furnace to properly shut off. In addition, the loss, i.e., the damage, was caused by cracking, shrinking, expansion or bulging of the Property as established by plaintiff's photographs. The loss also resulted from the faulty furnace, workmanship in its installation, or plaintiff's own failure to maintain the vacant Property. Since each of these causes of loss is excluded under the Policy, State Farm had three separate and independent grounds for denying coverage. And because at least one of these exclusions precludes coverage, there is also no coverage under the power interruption provision. Given that there is no coverage for the loss, all of plaintiff's claims fail as a matter of law.

Additionally, the facts and circumstances of this case establish State Farm handled plaintiff's claim reasonably as a matter of law. Plaintiff cannot refute that State Farm worked with plaintiff's daughter to investigate the cause of loss. That investigation led to the conclusion that the loss was excluded under at least one of the exclusions set forth above. But even if State Farm's conclusion was wrong, it was not unreasonable. In fact, the circumstances of the loss created a genuine issue regarding whether the claim was excluded, which State Farm was entitled to resolve by denying the claim. Therefore, plaintiff's claims for bad faith, related UCL claim and claim for punitive damages fail as a matter of law.

Finally, plaintiff does not even address, let alone oppose State Farm's motion for partial summary judgment of her UCL or punitive claims. Thus, plaintiff does not dispute her UCL claim fails on the grounds that she has an adequate remedy at law and there is no

evidence State Farm's conduct was unfair, unlawful, or fraudulent. Plaintiff has also failed to present clear and convincing evidence that State Farm acted with fraud malice or oppression, which defeats her punitive damage claim as a matter of law.

As such, State Farm's motion for summary judgment, or in the alternative, partial summary judgment must be granted.

## II.
## STATE FARM HAS ESTABLISEHD THERE IS NO COVERAGE FOR THE LOSS

### A. The Loss Was Excluded Because it was Caused by a Mechanical Breakdown

Plaintiff has failed to meaningfully distinguish the Central District Court's interpretation of "mechanical breakdown" in *William C. McCaughey, et al. v. Ohio Sec. Ins. Co.*, 2021 WL 2548689, at *6 (C.D. Cal. Apr. 2, 2021). While that case involved a stuck fill valve in a toilet and not a heating system, plaintiffs cannot dispute that the court there concluded that a "malfunction" can be construed as a "breakdown" and may constitute a "mechanical breakdown." *Id.* The term "mechanical breakdown" is clear and explicit.

Plaintiff relies heavily on the breakdown of the thermostat due to the batteries coming to the end of their "life span." However, plaintiff's own consultant from Allana Buick & Bers noted that the batteries did not simply come to the end of their normal lifespan. The batteries "suffered a total loss and corroded within the designated battery slot within the thermostat…rendering the thermostat inoperable." (Exhibit C – page 3.) The consultant concluded the "losses were unique in nature." *Id.* Thus, plaintiff's assertion that the loss was caused by "the anticipated natural conclusion at the end of a battery's life span" is directly contradicted by her own evidence.

In addition, plaintiff does not dispute the dead batteries caused the furnace to overheat because the high temperature limit switch failed to work or was improperly set. The "breakdown" of the thermostat required "replacement" of the corroded/dead batteries. But the batteries were not replaced. That "breakdown," or "first domino" caused the defective furnace to overheat and resulted in the "unique" loss. Since the loss was caused by a "mechanical breakdown" of the heating system, it is excluded under the Policy.

Yet even if the dead/corroded batteries are somehow not deemed a "mechanical breakdown," the failure of the furnace to shut down is. Plaintiff's erroneous reliance on the efficient proximate cause theory explained in *Sabella v. Wisler*, 59 Cal.2d 21, 31-32 (1963) simply does not apply here. As the court explained in *Pieper v. Commercial Underwriters Ins. Co.*, 59 Cal.App.4th 1008, 1020 (1997), the efficient proximate cause theory only applies where two separate or distinct perils "could each, under some circumstances, have occurred independently of the other and caused damage." (Internal citations omitted). Pieper involved damage caused by a brush fire, an excluded peril, which was caused by arson, a covered peril. *Id*. In refusing to apply the efficient proximate cause theory proposed by plaintiff, the court concluded the insureds were attempting to artificially divide the cause of loss into separate perils, but the cause of loss was the excluded brush fire:

> [J]ust as a leak cannot occur without a break in a pipes, [sic.] a brush fire cannot occur without a source of ignition. There are certain elements required to create a fire—oxygen, combustible material and a source of ignition. By labeling this fire as an 'arson fire' the Piepers have artificially divided these essential elements into separate perils, which thereby flies in the face of common sense and the mutual intention of the parties. *Id.* (internal quotations and citations omitted).

Likewise, plaintiff is attempting to artificially divide the cause of her loss into separate perils to manufacture coverage where there is none. The Policy excluded coverage for a loss resulting from a mechanical breakdown. The failure of the furnace/heating system to function properly and regulate the heat inside the Property ultimately caused the loss. An element of that mechanical breakdown was the failure of the thermostat/batteries. Those elements of the loss are not separate perils. Thus, even if the thermostat's failure is not a "mechanical breakdown," it is an element of the "mechanical breakdown" of the furnace and is therefore excluded from coverage.

Because the Policy unambiguously excluded coverage for damage caused by "mechanical breakdown," which caused the damage to the Property, the exclusion applies, and State Farm is entitled to summary judgment.

**B. <u>Plaintiff Fails to Establish the Loss was not Caused by Cracking, Shrinking, Expansion, or Bulging</u>**

As with the "mechanical breakdown" exclusion, plaintiff attempts to rely on the efficient proximate cause theory in an effort to avoid the Policy's exclusion for "cracking, shrinking, expansion, or bulging." However, plaintiff's attempt fails for the same reasons outlined above. Namely, the loss, i.e., the damage caused by the "cracking, shrinking, expansion, bulging" was caused by a mechanical breakdown of the heating system. The dead and corroded batteries resulted in the faulty furnace overheating the Property, which led to another noncovered peril; the cracking, shrinking, expansion, and bulging of walls and floors.

Plaintiff's mistaken reliance on *Howell v. State Farm*, 218 Cal.App.3d 1446 (1990) and Insurance Code section 530 do not change this result. The efficient proximate cause theory does not apply because there is no separate, covered cause of loss. The loss was not only caused by an excluded peril, the loss itself was an excluded peril. Plaintiff does not dispute the excessive heat caused by the faulty heating system caused expansion, bulging, and then shrinking that resulted in the cracking and expansion of the Property. All of which were specifically excluded.

Nor does plaintiff's reliance on the ensuing loss provision somehow create coverage. The ensuing loss provision provides coverage for a resulting loss "unless the resulting loss is itself a Loss Not Insured by this Section." Here, the "resulting loss" was cracking, shrinking, expansion, and bulging damage that require repairs. This is not a case where the "resulting loss" was potentially covered, such as if there was fire damage that was caused by cracking, shrinking, expansion, or bulging. The "resulting loss," i.e., the cracking, shrinking, expansion, or bulging, is itself a "Loss Not Insured." In other words, there is no coverage for the loss because it is "Not Insured."

Given that the Policy excludes coverage for cracking, shrinking, expansion, and bulging, plaintiff's claim for those noncovered damages is excluded, which entitles State Farm to summary judgment.

**C. <u>The Undisputed Evidence Establishes the Loss was Excluded Due to Flaws in the Design, Workmanship, or Maintenance of the Heating System</u>**

Plaintiff does not dispute that the faulty or defective workmanship exclusion is intended to prevent insuring the quality of work undertaken by a contractor. *Wilson v. Farmers Ins. Exch.*, 102 Cal.App.4th 1171, 1174 (2002). Rather, plaintiff attempts to assert that State Farm has failed to meet its burden to apply the exclusion by failing to cite the evidence that supports it. The stipulated facts and evidence, however, establish that: (1) Dinner installed the heating system in October of 2020 (Pltf's SS, Fact 2); (2) Weems visited the Property in June 2021 and set the thermostat to 62 degrees (*Id*., Fact 3); (3) No one visited the Property again until September 12, 2021 (*Id.* Fact 4); (4) Because the batteries died/corroded, the thermostat did not control the furnace, which did not shut off (*Id*. Fact 5); and (5) The furnace did not shut off at 170 degrees as it should have, but at 215 degrees (Exhibit H – page 1).

These stipulated facts and the evidence submitted in support thereof establish that the loss was caused by a defective heating system resulting from a "*defect*, weakness, *inadequacy*, *fault* or unsoundness in: *design*, *specifications*, *workmanship*…*materials* used in construction or repair;" or in its "*maintenance*." Either Dinner's workmanship was defective or faulty because he did not test the furnace before installing it, or set it at the wrong temperature, the heating system was defective, inadequate, or faulty in its design or specifications, or plaintiff failed to maintain the heating system by not changing the batteries in the thermostat, and by leaving the Property vacant for over two months. Any one of these circumstances dictates that there is no coverage for the resulting loss.

Since the evidence establishes the loss was excluded based on defective, inadequate, or faulty workmanship, equipment, and/or maintenance, State Farm is entitled to summary judgment.

**D. <u>The Power Interruption Provision Does Not Provide Coverage</u>**

The language of the power interruption provision is not disputed. The provision specifically states that it only provides coverage for a power interruption caused by an

insured loss. It does not provide coverage for losses that are not insured. Therefore, plaintiffs cannot refute that if the Court determines any one of the three separate and independent exclusions for: 1) mechanical breakdown; 2) cracking, shrinking, expansion, bulging; or 3) faulty or defective workmanship or maintenance applies, there is no coverage for the loss under this provision.

Plaintiff continues to incorrectly assert that the applicable exclusions render the power interruption provision "meaningless and illusory." However, plaintiff does address the fact that there are potential non-excluded causes that could trigger coverage under the provision, such as lightning, animals, or some other non-excluded cause. It just happens that the power interruption here was not caused by, and did not cause a covered loss. Here, the interruption of power was caused by a mechanical breakdown, failure to properly install or maintain the thermostat, which lead to the failure of the faulty furnace to overheat and cause the Property to crack, shrink, expand and/or bulge. None of these losses are insured under the Policy.

Given that the power interruption provision is subject to at least one of three exclusions, there is no coverage for the loss and State Farm is entitled to summary judgment.

## III.
## PLAINTIFF CANNOT DISPUTE THAT HER BAD FAITH CLAIM FAILS

Plaintiff does not and cannot dispute that if her breach of contract claim fails because the Policy does not provide coverage for the loss, her bad faith and related tort claims also fails as a matter of law. *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 36 (1995). *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1148-1149 (1990).

Nor does plaintiff dispute that even if State Farm's coverage position was incorrect, to be held liable for bad faith, she must establish that benefits were consciously and deliberately withheld without proper cause. *Century Surety Co. v. Polisso*, 139 Cal.App.4th 922, 949 (2006). A mistake or negligence in handling the claim or withholding benefits will not support bad faith liability. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1996). Finally, the Court can find, as a matter of law, that State Farm's reasonable handling of the

claim raised a genuine dispute regarding coverage which State Farm was entitled to resolve by denying the claim. *Chateau Chamberay v. Homeowners Assn. v. Associated Internat. Ins. Co.*, 90 Cal.App.4th 335, 350; *Paslay v. State Farm General Ins. Co.*, 248 Cal.App.4th 639, 796 (2016); *Gamliel v. State Farm Ins. Co.*, 2022 WL 1592595 *5 (2022).

Plaintiff has failed to refute that State Farm reasonably investigated her claim by gathering information about the loss from her daughter, Weems. Weems informed State Farm the heating system had been replaced by Dinner the year before, and no one had been to the Property for months before the thermostat died, which caused the faulty furnace to overheat leading to cracking, shrinking, expansion, and bulging. In light of this information, it was not unreasonable for State Farm to conclude the heating system broke down, which was excluded under the Policy. Nor is it somehow unreasonable to assert additional coverage arguments as part of this litigation, particularly given that all the applicable exclusions were cited in the denial letter. (Exhibit B – page 2.) The denial also specifically reserved all policy defenses. (Exhibit B – page 3.) At the very least, State Farm's reasonable investigation raised genuine issues regarding whether there was coverage for the loss given the multiple, potentially applicable exclusions.

In addition, the parties have submitted all the evidence necessary to support summary judgment of plaintiff's bad faith and related claims. The applicable Policy, communications regarding the loss and photographic evidence establish State Farm handled the claim reasonably as a matter of law. State Farm filed the instant motion seeking summary judgment of all plaintiff's causes of action because the Court's Standing Order for Civil Cases only permits one motion per party. If the Court somehow decides plaintiff is entitled to discovery prior to ruling on the motion for partial summery judgment of her bad faith and related claims, State Farm hereby requests leave to file a second motion as to those claims.

Because there is sufficient evidence to establish State Farm handled plaintiff's claim reasonably as a matter of law, it is entitled to summary judgment of plaintiff's bad faith and related claims.

## IV.
## PLAINTIFF DOES NOT EVEN ADDRESS, LET ALONE DISPUTE HER UCL CLAIM FAILS

Plaintiff's opposition does not address State Farm's argument that her UCL claim fails because she has an adequate remedy at law. *Madrid v. Perot Systems Corp.*, 130 Cal.App.4th 440, 452 (2005). Here, the conduct that allegedly supports the request for equitable relief also gives rise to separate causes of action for monetary damages. Therefore, equitable relief is inappropriate, and State Farm is entitled to summary judgment of plaintiff's UCL claim. *Wilkison III v. Wiederkehr*, 102 Cal.App.4th 822, 830 (2002).

Plaintiff also does not address State Farm's argument that her UCL claim fails because she does not allege unlawful, unfair, or fraudulent conduct. Bus. & Prof. Code §17200; *Levine v. Blue Shield of Cal.*, 189 Cal.App.4th 1117, 1136 (2010). Nor does she dispute that her request for injunctive relief is improper because it would necessarily entail tedious court supervision of State Farm's business activities and potential regulatory interference. *Larez v. Oberti*, 23 Cal.App.3d 217, 222 (1972); *Bray v. Safeway Stores, Inc.*, 392 F.Supp. 851, 868 (N.D. Cal. 1975); *Samura v. Kaiser Foundation Health Plan, Inc.*, 17 Cal.App.4th 1284, 1301 (1993). Plaintiff's UCL claim asks the Court to oversee State Farm's processing of future claims. However, such relief would require tedious and continuing supervision by the Court. The proposed injunctive relief would also interfere with the regulatory power of the Department of Insurance.

Since plaintiff has an adequate remedy of law and has failed to request any remedies available under or authorized by the UCL, her UCL claim fails as a matter of law.

## V.
## PLAINTIFF DOES NOT ADDRESS, LET ALONE DISPUTE THAT STATE FARM IS ENTITLED TO SUMMARY JUDGMENT OF HER CLAIM FOR PUNTIIVE DAMAGES AS A MATTER OF LAW

By failing to even address, let alone oppose State Farm's motion for summary judgment of her claim for punitive damages, plaintiff has certainly failed to prove by *clear and convincing evidence* that it acted with malice, fraud, or oppression in the handling of her claim. Cal. Civil Code § 3294; *Reader's Digest Ass'n v. Superior Court*, 37 Cal.3d 244, 252 (1984); *Basich v. Allstate Ins. Co.*, 87 Cal.App.4th 1112, 1118-1119 (2001); *Stewart v. Truck*

*Ins. Exchange*, 17 Cal.App.4th 468, 482 (1993); *Conservatorship of O.B.*, 9 Cal. 5th 989, 1003 (2020); *Szarowicz v. Birenbaum*, 58 Cal. App. 5th 146, 171 (2020). Thus, even if the Court somehow finds a trial issue of fact as to plaintiff's bad faith claim because plaintiff has failed to submit clear and convincing evidence of malice, fraud or oppression, State Farm is entitled to summary judgment of plaintiff's claim for punitive damages. *Basich*, 87 Cal.App.4th at 1118-1122.

Yet even if plaintiff attempted to oppose State Farm's motion as to her punitive claim, the stipulated facts and evidence establish State Farm reasonably investigated plaintiff's claim and determined there was no coverage for the loss. Plaintiff has not and cannot produce and evidence, let alone clear and convincing evidence, that State Farm acted with malice, fraud, or oppression during the handling of her claim.

Thus, State Farm is entitled to partial summary judgment of plaintiff's claim for punitive damages as a matter of law.

## VI.
## CONCLUSION

The circumstances of this loss raised at least three Policy exclusions, any one of which alone precluded coverage. The batteries in the thermostat failed and caused the defective furnace to overheat. Thus, the loss was caused by a mechanical breakdown. That mechanical breakdown caused the Property to expand, or bulge and contract resulting in cracks, separation, and similar damage, i.e., the loss. The loss was also potentially the result of faulty workmanship in the installation of the faulty furnace and/or plaintiff's failure to visit the Property more frequently and change the dead/corroded batteries in the thermostat. Each of these causes of loss is excluded under the Policy, including the power interruption provision. There being no coverage under the Policy, all of plaintiff's claims arising from the loss fail as a matter of law.

The undisputed facts further establish that State Farm's investigation was reasonable and lead to either proper denial of the claim under any one of the exclusions, or at least raised a genuine dispute regarding coverage. Thus, plaintiff's bad faith and related claims

under the UCL and for punitive damages fail as a matter of law. Indeed, plaintiff has not even opposed State Farm's motion as to the UCL and punitive claims. Even if she had, plaintiff cannot refute those claims fail because she has an adequate remedy at law and she has presented no evidence that State Farm's claim handling was unfair, unlawful, fraudulent, malicious, or oppressive.

Based on the foregoing, State Farm is entitled to summary judgment, or at a minimum partial summary judgment while plaintiff's motion for partial summary judgment must be denied.

Dated: August 23, 2023

HAYES SCOTT BONINO
ELLINGSON & GUSLANI LLP

By: *_/S/ Stephen P. Ellingson_*
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Defendants
STATE FARM GENERAL INSURANCE COMPANY